## Joseph A. Coffin *vs*. Frank Hall.

### Washington.    Opinion November 18, 1909.

*Pleading.    Declaration.    Arbitration and Award.    Void Award.*

When on demurrer a declaration has been adjudged insufficient the adjudica-
tion can be reviewed only on exceptions.

A declaration in an action of assumpsit is technically defective when it does
not directly allege a promise on the part of the defendant.

When the declaration in an action of assumpsit does not directly allege a
promise on the part of the defendant, and there is only an inference of
law from the terms of the contract set out in the declaration, it is not
sufficient.

Where an award was made under a submission at common law, and the sub-
mission stated clearly that the matter to be determined was what was "a
fair and equitable annual rental" of the premises occupied by the defend-
ant and claimed to be owned by the plaintiff, and the arbitrators in
determining the question of a fair and equitable rental awarded that certain
repairs should be made by each party, thus basing their estimate upon the
conditions of good repair of the property to be made and to be maintained
in the future, and also omitted to include matters which were material to
the question in issue between the parties, *held* that the award was void.

On exceptions by defendant.    Sustained.

Assumpsit on an award made under a submission at common law.
At the return term of the writ the defendant demurred generally to
the declaration, the demurrer was sustained and the plaintiff was
given leave to amend. · At the second term, the plaintiff filed an
amended declaration, and the defendant demurred generally to the
same.    The demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*E. N. Benson*, for plaintiff.

*C. B. & E. C. Donworth*, for defendant.

Sitting : Whitehouse, Savage, Peabody, Spear, Cornish, JJ.

Peabody, J.    This is an action of assumpsit on an award made
under a submission at common law.    At the entry term of court

the defendant filed a general demurrer to the declaration which was sustained, and the plaintiff was given leave to amend. At the second term an amendment to the declaration was filed by the plaintiff to which the defendant filed a general demurrer. This was overruled by the presiding Justice, to which ruling the defendant excepted, and the case is before the Law Court on his exceptions.

The original declaration, the submission and award, the new declaration and the demurrer thereto, and ruling thereon, were made part of the bill of exceptions.

The insufficiency of the new declaration is claimed by the defendant upon two grounds, first, because the case is res judicata, and second, because the amended declaration is bad in substance.

The original declaration is made part of the bill of exceptions for the purpose of showing that it is essentially the same as the amended declaration. The former, having been adjudged insufficient, this adjudication could be reviewed only on exceptions thereto. *Plaisted* v. *Walker*, 77 Maine, 459; *Bean* v. *Ayers et als.*, 69 Maine, 122. It is not so obvious that the amendments are not material as to warrant us in declining to consider the amended declaration on its merits. The submission states clearly that the matter to be determined was what was "a fair and equitable annual rental" of the premises occupied by the defendant and claimed to be owned by the plaintiff. A valid award would be available to either party seeking to assert his rights in reference to the property involving the question of damages or rental. *Cushing* v. *Babcock*, 38 Maine, 452.

The declaration shows that the arbitrators in determining the question of a fair and equitable annual rental awarded that certain repairs should be made by each party, thus basing their estimate upon the conditions of good repair of the property to be made and to be maintained in the future.

We think that they exceeded their authority in deciding matters not within the scope of the submission which cannot be separated from those which were referred to them, and they omitted to include others which were material to the question in issue between the parties, consequently the award is void. *Wyman* v. *Hammond*,

55 Maine, 534; *Hubbell* v. *Bissell*, 13 Gray, 298; 2 Greenleaf on Evidence, sec. 74; Morse on Arbit. and Award, 599, 600; 3 Cyc. 674.

The declaration is also technically defective because it does not directly allege a promise on the part of the defendant. There is only an inference of law from the terms of the contract set out in the declaration. This is not sufficient. *Brown* v. *Starbird*, 98 Maine, 292; *Bean* v. *Ayers et als.*, 67 Maine, 482.

> *Exceptions sustained.*
> *Demurrer sustained.*